IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOREEN SEDLAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 17-532 |
| ) | |
| CHERYL J. STURM, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Conti, Chief District Judge

**I.  INTRODUCTION**

Presently before the court is a motion to dismiss filed by defendant Cheryl J. Sturm ("defendant") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6) and 19 with a brief in support. (ECF Nos. 2 and 5.) Defendant is seeking to dismiss the complaint filed by Loreen Sedlak ("plaintiff") for, among other things, lack of subject-matter jurisdiction. Plaintiff filed a response in opposition (ECF No. 7), to which defendant filed a reply. (ECF No. 8.) For the reasons explained herein, defendant's motion to dismiss for lack of subject-matter jurisdiction will be granted, and plaintiff's complaint will be dismissed.

**II.  BACKGROUND**

On April 25, 2017, plaintiff filed a pro se complaint ostensibly under 42 U.S.C. § 1981(b) "to redress the 'breach of contract' committed by the defendant." (ECF No. 1, ¶ 1.) Plaintiff alleges that she had a written contract with defendant, who is a lawyer, to represent plaintiff's

1

son in connection with a § 2254 habeas corpus petition for a cost of $15,000. (Id. at 2.) In reference to the contract, plaintiff attached to her complaint an August 5, 2014, letter from defendant that states as follows:

> As we discussed by telephone, if time permits, I generally begin representation with an opinion letter that explains what, if any, issues support a 2254 habeas corpus petition. My fee for the opinion letter is $4,500, net of expenses . . . .
>
> My usual fee for a 2254 Petition is $15,000, net of expenses. The initial payment of $4,500 would be applied to the $15,000, but is not otherwise refundable. In addition, if the court holds an evidentiary hearing on the 2254 Petition, there would be a fee of $2,500 plus expenses related to the hearing and estimated travel expenses of $1,500.
>
> Please contact me if you have any questions pertaining to this letter.

(Id., App. B.) Plaintiff claims that defendant breached the contract by failing to commence representation of her son in a timely manner, which ultimately resulted in a decision by the United States Court of Appeals for the Third Circuit denying a certificate of appealability on his § 2254 petition because it was time-barred. (Id. at 3; App. E.) Plaintiff seeks declaratory relief stating that defendant breached the contract, along with compensatory damages in the amount of $22,505 and punitive damages of either $5,000 or $25,000.[1] (Id. at 1, 4.)

Defendant moved to dismiss plaintiff's complaint, primarily arguing that the court lacks subject-matter jurisdiction over her claim. (ECF No. 5 at 1.) Defendant asserts that no federal question is presented because this is a breach of contract action and the law plaintiff cites, 42 U.S.C. ¶ 1981, is a civil rights statute that does not apply. (Id. at 2.) In addition, defendant notes that there is no diversity of citizenship between the parties and the amount in controversy does not exceed $75,000. (Id. at 3.) Defendant also contends that dismissal is required because plaintiff failed to state a claim upon which relief can be granted, she failed to join her husband

---

1   In the complaint's introductory paragraph, plaintiff claims $5,000 in punitive damages, but she requests punitive damages of $25,000 in the "prayer for relief" at the conclusion of the complaint. (ECF No. 1 at 1, 4.)

and son, who are indispensable parties, and venue is improper in this district. (Id. at 3-4.)

Plaintiff responded that defendant's motion should be denied for the following reasons: (1) the court has supplemental jurisdiction over her breach of contract claim; (2) a breach of contract claim can arise under federal law; (3) if venue is improper, the court should transfer the case to the appropriate district; and (4) plaintiff's son is not an indispensable party because he "had no participation in the contract" with defendant, but the court should allow her to amend the complaint "to include the indispensable party, Mr. Thomas Sedlak." (ECF No. 7 at 2.)

Defendant replied that because the court lacks original jurisdiction over the breach of contract claim, it may not exercise supplemental jurisdiction. (ECF No. 8 at 1-2.) Absent jurisdiction over the case, the court may not transfer it to another judicial district or take any other action. (Id. at 3.)

### III. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Jurisdictional challenges may be treated as either "facial" or as "factual." See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship

among the parties, or because some other jurisdictional defect is present." Id. at 358. "[A] facial attack contests the sufficiency of the pleadings" and it "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." Id. (internal quotation marks and citations omitted). On the other hand, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.' " Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (quoting Constitution Party of Pa., 757 F.3d at 358).

Here, defendant makes a facial challenge by contending that plaintiff's claim does not involve a federal question and the allegations set forth in the complaint do not support diversity jurisdiction. When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." In re Schering Plough, 678 F.3d at 243 (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (internal quotation marks omitted)). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Constitution Party of Pa., 757 F.3d at 358 (citing In re Schering Plough, 678 F.3d at 243). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Because plaintiff is proceeding pro se, the court will liberally construe her complaint and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

When the foregoing standard is applied to plaintiff's complaint and attached exhibits, it is apparent that subject-matter jurisdiction is lacking.[2] Although plaintiff avers that her claim is "authorized by 42 U.S.C. §1981(b)" and that the court has jurisdiction under 28 U.S.C. §§ 1331 and 1334(a)(3)[3] (ECF No. 1, ¶ 1), the complaint's factual allegations make clear that plaintiff is asserting a state law breach of contract claim.

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. An action under 42 U.S.C. § 1981, which prohibits racial discrimination in the formation and enforcement of contracts, arises under federal law. See 42 U.S.C. § 1981 ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ."); St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts."). To assert a § 1981 claim, a plaintiff must allege facts to establish that: (1) the plaintiff is a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of race, and (3) the discrimination concerned an activity enumerated in § 1981. Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 797 (3d Cir. 2010).

---

[2] Because the court does not have subject-matter jurisdiction over this case, it will not consider defendant's other arguments for dismissal.

[3] Section 1334 pertains to jurisdiction in bankruptcy cases and is inapplicable here. See 28 U.S.C. § 1334. The liberal reading required of plaintiff's pro se complaint compels the conclusion that the citation to § 1334(a)(3) refers to § 1343(a)(3), which concerns a district court's original jurisdiction of civil rights actions. See Bennun v. Rutgers State Univ., 941 F.2d 154, 162-63 (3d Cir. 1991) (citing 28 U.S.C. §§ 1331 and 1343(a)(3)) (district court has subject-matter jurisdiction over a § 1981 claim through its power to hear federal questions and its power to hear civil rights cases).

5

Although styled as a § 1981 action, plaintiff does not allege any facts required to assert a claim under § 1981. Rather, plaintiff alleges that she retained defendant to represent her son, defendant failed to perform as promised, and plaintiff filed the complaint "to redress the 'breach of contract' committed by [ ] defendant." (ECF No. 1, ¶ 1.) Plaintiff's breach of contract claim does not arise under the Constitution or any federal law; therefore, no federal question is involved and the court may not exercise jurisdiction pursuant to 28 U.S.C. § 1331.

In view of the fact that plaintiff is asserting a breach of contract claim, the court only may exercise jurisdiction in this case if diversity jurisdiction under 28 U.S.C. § 1332(a) is indicated by the complaint's allegations. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy, exclusive of interests and costs, exceeds the value of $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

In St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), the Supreme Court set forth the standard for determining whether the requisite amount in controversy has been properly alleged.

> It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. . . . But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

Id. at 289; see Packard, 994 F.2d at 1046 ("When it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed . . . .").

"To determine if a claim meets the jurisdictional amount under § 1332, the court must examine what damages are recoverable under state law." Muchler v. Greenwald, 624 F. App'x 794, 798 (3d Cir. 2015) (citing Packard, 994 F.2d at 1046). "When both actual and punitive

damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." Packard, 994 F.3d at 1046 (citations omitted). A claim for punitive damages, however, "must be stricken from the amount in controversy" when those damages are unavailable as a matter of law. Id.

It is clear from the face of plaintiff's complaint that diversity jurisdiction is lacking in this case. Plaintiff seeks compensatory damages of $22,505 for the alleged breach of contract. (ECF No. 1 at 4.) This amount is well below the $75,000 jurisdictional threshold specified in § 1332 and it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Red Cab, 303 U.S. at 289. Additionally, plaintiff's request for punitive damages is not sufficient to meet the $75,000 amount in controversy requirement because it is well settled under Pennsylvania law that punitive damages are not recoverable in a breach of contract action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 402 (3d Cir. 2004) (citing Thorsen v. Iron & Glass Bank, 476 A.2d 928, 932 (Pa. Super. Ct. 1984) ("[P]unitive damages are not recoverable in an action for breach of contract.")). Because punitive damages are not available to plaintiff as a matter of law, they need not be considered in determining the amount in controversy under § 1332. See Packard, 994 F.2d at 1046. In sum, plaintiff's claim does not meet the jurisdictional amount under 28 U.S.C. § 1332,[4] and her complaint must be dismissed for

---

[4] It is also unclear from the face of plaintiff's complaint whether complete diversity of citizenship exists between the parties. Plaintiff avers that she resides in Pittsburgh, Pennsylvania, and defendant resides in Chadds Ford, Pennsylvania. (ECF No. 1, ¶¶ 3, 4.) For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (citing Gilbert v. David, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely; therefore, allegations about a party's "residency," as opposed to "citizenship" or "domicile" are "jurisdictionally inadequate in [a] diversity of citizenship case." McNair v. Synapse Group Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")). Plaintiff's averments of residency are insufficient to establish that the parties are citizens of different states.

lack of subject-matter jurisdiction.[5]

"Before it dismisses a case for lack of subject matter jurisdiction, the district court must allow plaintiff a chance to amend [her] complaint, unless amendment would be inequitable or futile." Thomas v. Advance Housing, Inc., 440 F. App'x 86, 87 (3d Cir. 2011) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). As explained, the facts alleged do not support the exercise of federal question jurisdiction over plaintiff's breach of contract claim, and do not satisfy the amount in controversy requirement for diversity jurisdiction. Leave to amend would be futile in this case because it is inconceivable that plaintiff can allege additional facts that would bring her state law breach of contract claim within the original jurisdiction of this court. Therefore, plaintiff will not be granted leave to amend her complaint.

V. **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss for lack of subject-matter jurisdiction will be granted and plaintiff's complaint will be dismissed. Because this dismissal does not address the merits of the complaint, the dismissal is without prejudice to plaintiff being able to raise her claims in an appropriate forum.

An appropriate order follows.

                                            s/ Joy Flowers Conti
                                            Joy Flowers Conti
                                            Chief United States District Judge

Date: January 16, 2018

---

[5] Plaintiff incorrectly argues that the court may exercise supplemental jurisdiction over her breach of contract claim. (See ECF No. 7 at 2.) If diversity jurisdiction applies to at least one of the plaintiff's state law claims, the court has discretion to exercise supplemental jurisdiction over claims not within the court's original jurisdiction, provided the claims are "so related" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §§ 1367(a), (c); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (holding supplemental jurisdiction is appropriate where state law claims share a "common nucleus of operative fact" with claims falling within the court's original jurisdiction). Because the court lacks diversity jurisdiction over plaintiff's sole breach of contract claim, supplemental jurisdiction cannot exist.